

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2003

# Return on Equity v. MPM Tech Inc

Precedential or Non-Precedential: Non-Precedential

Docket 02-3374

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Return on Equity v. MPM Tech Inc" (2003). *2003 Decisions.* Paper 545.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/545

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-3374
_____

RETURN ON EQUITY GROUP, INC.; JOSEPH KILRAINE;
JOAN DASPIN; NATIONAL CAPITAL CORPORATION;
CONSULTANTS FOR BUSINESS AND INDUSTRY,

Appellants,

v.

MPM TECHNOLOGIES, INC.; MICHAEL LUCIANO, individually
and in his capacity as Chairman and Chief Executive Officer and Director;
GLEN HJORT, individually and in his capacity as Chief Financial
Officer and as Director; ROBERT D. LITTLE, individually and in his
capacity as Corporate Secretary and Director; L. CRAIG SMITH,
individually and in his capacity as Corporate Counsel and as Director;
MYRON KATZ, individually and in his capacity as Director; RICHARD
APPLEBY, individually and in his capacity as Director; MICHAEL
PORTER; ABC CORPORATIONS 1-5, Fictitious defendants;
JOHN AND JANE DOES 1-5, Fictitious defendants.
_____

On Appeal from the Order of the United States District Court
for the District of New Jersey
(Civil Action No. 02-CV-425(JAP))

District Court Judge: The Honorable Joel A. Pisano
_____

Argued on April 7, 2003

Before: ALITO, FUENTES, GREENBERG, Circuit Judges

(Opinion Filed: May 20, 2003)

_____

Steven B. Stein (argued)
Stein & Stein
164 Route 10 West
Succasunna, NJ 07876

*Attorney for Appellants*

John M. Toriello (argued)
Joseph P. Augustine
Holland & Knight LLP
195 Broadway
New York, NY 10007

*Attorney for Appellees*

_____

OPINION OF THE COURT
_____


FUENTES, Circuit Judge.

Plaintiffs, Return on Equity Group, Inc., two of its related entities, and two of its executives (collectively, "ROE") commenced the present action against MPM Technologies, Inc. and several of its officers (collectively, "MPM") in connection with the alleged termination of certain consulting agreements between the parties. ROE asserted two claims of securities fraud pursuant to section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and section 20(a), 15 U.S.C. § 78t. ROE's Complaint also included three claims brought pursuant to New Jersey state law for breach of contract, fraud and misrepresentation

2

under the New Jersey Consumer Fraud Act, and trade libel. MPM moved to dismiss the Complaint in its entirety, which the District Court granted.

As to the state law claims, the District Court held that the presence of a valid and enforceable forum selection clause designating the Superior Court of New Jersey, Morris County, as the situs of all litigation arising out of the consulting agreements compelled the dismissal of those claims. ROE does not contest the District Court's decision in this regard, and its state law claims are not before us.

With regard to the securities fraud claims, the Court noted exclusive jurisdiction pursuant to 15 U.S.C. § 78aa. Nevertheless, the District Court held that (1) ROE failed to allege an essential element of securities fraud--the purchase, sale, or transfer of MPM stock; and (2) even if it could prove a transfer of MPM stock, ROE failed to allege fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. We agree that ROE failed to allege any cognizable transfer of MPM stock and, therefore, will affirm the judgment of the District Court.[1] In addition, we will deny ROE's request, made for the first time on appeal, to amend its Complaint.

**I.**

ROE purports to be a management consulting firm, specializing in mergers and

---

[1] Because we agree with the first of the two alternative rationales advanced by the District Court, we need not address the second.

acquisitions.[2]  It also claims to be a specialist in reviving companies in poor financial condition.  MPM is a holding company with subsidiaries in the business of designing, building, installing, and servicing industrial air pollution systems.  MPM is a public corporation whose stock traded on the Nasdaq National Market during the time period relevant to this dispute.

The parties entered into an initial agreement in September 2000 (the "September Agreement") in which ROE agreed to provide consulting services to MPM.  This agreement entailed the "lend-lease" of an ROE executive to MPM.  Although the agreement also set the price for ROE's services, MPM could elect to pay ROE in cash or in MPM stock.  To this day, there is no clear statement from ROE as to whether they were paid in cash or in stock.  According to ROE, one of its notable achievements in the consulting arrangement was the commencement of negotiations for MPM to acquire ST2EP, a company in a line of business complementary to MPM.

In November 2000, ROE contends that the parties sought to revise the September Agreement to extend and solidify the relationship between ROE and MPM.  These efforts resulted in additional contracts which contemplated an ROE executive working full-time for MPM for a five-year term.

---

[2]  We write solely for the benefit of the parties and, therefore, review the factual background only to the extent necessary to inform our decision today.  The District Court performed a thorough review of the factual background in its decision on the underlying motion to dismiss.  See Return on Equity Group, Inc. v. MPM Technologies, Inc., No. 02-CV-425, slip op. at 3-7 (D.N.J. July 25, 2002).

4

According to ROE, the relationship between the parties deteriorated soon thereafter. Although the Complaint is not a model of clarity, particularly with respect to the allegations of fraud, the fraudulent conduct apparently relates to a dispute between the parties as to MPM's potential disclosure obligations to its shareholders in the event of its acquisition of ST2EP. ROE's provision of consulting services to MPM ended soon thereafter.

## II.

Our review of a District Court's grant of a motion to dismiss is plenary. See In re Rockefeller Center Properties, Inc. Securities Litigation, 311 F.3d 198, 215 (3d Cir. 2002). We are obliged to apply the same standards applied by the District Court. See id. Therefore, for purposes of this appeal, we accept the well-pleaded allegations in ROE's Complaint as true.

## III.

We agree with the District Court that ROE failed to allege an essential element of securities fraud pursuant to section 10(b).[3] We have often stated that one of the threshold elements of a section 10(b) claim is a well-pleaded allegation of a material misrepresentation or omission in connection with the purchase or sale of securities. See Weiner v. Quaker Oats Co., 129 F.3d 310, 315 (3d Cir. 1997).

ROE's allegations relating to purchase, sale, or transfer are, at best, perplexing. The

---

[3] As we have stated before, controlling person liability pursuant section 20(a) is a derivative claim premised on an independent violation of the federal securities laws. See In re Rockefeller, 311 F.3d at 211. Therefore, our analysis of ROE's section 10(b) claim is equally applicable to its claim pursuant to section 20(a).

only detailed assertion of stock transfer is stated entirely as a theoretical possibility: "[u]nder the terms of the September Agreement, MPM would have the right to make payment to ROE of its acquisition fees in common stock at the current market price it trades for at the time of closing or cash." Compl. at ¶ 27 (emphasis added). ROE's allegation establishes no more than that MPM could choose its method of payment and that payment in stock was one of the two choices. The District Court correctly observed that, without more, the mere statement of the theoretical possibility of a stock transfer was not sufficient to allege a purchase, sale, or transfer of securities.[4]

## IV.

Finally, ROE asks us to remand the case in order to permit it to amend the Complaint, even though it never filed a proper motion to amend in the District Court. We will deny this eleventh-hour request to cure ROE's defective pleading.

It is well-settled that when judgment has been entered, the presumption favoring liberal amendments is reversed. See Werner v. Werner, 267 F.3d 288, 296 (3d Cir. 2001). Under these circumstances, leave to amend becomes the "long-odd exception rather than the rule." Id. (quoting The Dartmouth Review v. Dartmouth College, 889 F.2d 13, 22 (1st Cir. 1989)). At oral argument, we attempted to give ROE a full and fair opportunity to set forth specific allegations of purchase, sale, or transfer of MPM stock. Once again, ROE failed to

---

[4] Nor is the inherent indefiniteness of ¶ 27 cured by the equally ambiguous allegation in ¶ 6 that "Plaintiffs are either shareholders or owed shares of MPM Technologies common stock, and were damaged thereby." Section 10(b) requires a well-pleaded allegation of purchase, sale, or transfer of securities.

state how an amendment would cure the deficiencies in its Complaint. The mere repetition of these unspecified allegations in ROE's briefs, and again at oral argument, convinces us that leave to amend would not serve the interests of justice.

## V.

For the reasons set forth above, we will affirm the judgment of the District Court, and we will deny leave to amend the Complaint.

_____

TO THE CLERK OF COURT:

Kindly file the foregoing opinion.

By the Court,

/s/ Julio M. Fuentes

Circuit Judge